IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR.NO.05-133ML |
| | : | |
| STAPHVON JOHNSON | : | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S
FIRST AND SECOND MOTIONS TO SUPPRESS

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to the defendant's First and Second Motions to suppress for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 17th day of February, 2006, I mailed a true copy of the Government's Objection to Defendant's First and Second Motion To Suppress by ordinary mail and postage prepaid, to:

Kevin Fitzgerald, Esq.
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Paula Harvey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CR.NO. 05-133ML** |
| | : | |
| **STAPHVON JOHNSON** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S FIRST AND SECOND MOTIONS TO SUPPRESS**

## I. INTRODUCTION

Defendant has moved to suppress from evidence the items seized from his apartment and person and the statements he made to the police. He argues that the search warrant was not supported by probable cause and that the affidavit contained information obtained from an illegal arrest. Defendant also contends that the statement he made following the search is the fruit of an illegal arrest and illegal search. Defendant's arguments are not supported by the law and his motion should be denied.

## II. FACTS

During the months of July and August 2005 Detectives Ludovici and Lawton of the Providence Police investigated cocaine dealing by defendant Stephvon Johnson out of the third floor of 93 Hudson Street. The policemen were working with an informant who had given reliable facts leading to arrests and seizures of drugs before and had never misled the officers. The informant had shown a ready knowledge of the packaging and sale of cocaine.

The detectives had seen Johnson coming and going from 93 Hudson Street a number of time times. Through a photograph from a prior arrest their informant identified defendant as the dealer known as "Curt". The informant had been inside the apartment within the few days before August 16 and had seen defendant with cocaine and a scale.

On August 16 the informant told the police that he had seen defendant with a gun and that defendant had been making cocaine deliveries in the Manton Avenue area.

At about 5pm a team of policemen set up watch on 93 Hudson Street, a three story house. At around 5:30 the police saw defendant and two other men leave the front door of 93 Hudson, get into defendant's black Chrysler, and drive out to Messier Street. There the officers stopped the car.

Suspecting the presence of a gun, the policemen identified themselves and had the three men get out of the Chrysler. Defendant was patted down, handcuffed, put in a police car and taken across the street to a school parking lot. Detective Ludovici gave defendant his Miranda Warnings, and asked where he lived. Defendant replied, "Branch Avenue." When told of the investigation, Johnson said," I live at 93 Hudson Street, but anything there is not mine." When asked for consent to search Johnson told the detectives to get a warrant. A set of keys were seized from Johnson and he and the other two men were taken to

the Central Station.

Detective Ludovici drafted a search warrant and supporting affidavit for a search of the third floor of 93 Hudson Street for cocaine and any articles related to illegal drug sales and any money derived from drug sales.

At about 7:30pm Judge Albert DeRobbio of the RI District Court signed the warrant and at about 7:40pm the police team entered the apartment using keys seized from defendant.

No one was in the place when the police went in and began a room to room search. A detective found a loaded 12 gauge sawed-off shotgun in a closet. That gun is the basis for the federal indictment. The searchers found no cocaine but dozens of plastic bags with the corners cut off, a digital scale, fifteen 12 gauge shotgun shells, two face masks, paperwork in defendant's name and photos of defendant, and a video camera.

The evidence was taken to the Central Station. Again Ludovici gave defendant his Miranda Warnings and told him about finding the sawed off shotgun. Defendant said that he had the gun for protection. ATF Agent Schiffer was present for that admission.

The Search Warrant and affidavit are attached.

## III. ARGUMENT

### A. The Law

This is a case where the police had a duly authorized search warrant to enter and search the apartment where the evidence was found. The determination that a given set of facts constituted probable cause is a question of law subject to de novo review. U.S. v. Zayas Diaz, 95 F.3d 105, 111 (1st Cir. 1996). U.S. v. Pervaz, 118 F.3d 1 (1st Cir. 1997).

Search warrants and affidavits should be considered in a common sense manner and hypertechnical readings should be avoided. U.S. v. Baldyga, 233 F.3d 674, 683 (1st Cir. 2000).

### B. The Search Warrant Affidavit Established Probable Cause to Search 93 Hudson Street Third Floor for Evidence of Cocaine Dealing.

Defendant's objection to the warrant is that, he alleges, the affidavit contains information that comes from an illegal arrest. Set aside for a minute the issue of whether there was an arrest and whether it was legal. A reading of the affidavit reveals that there is very little in there from the stop, that instead the facts which provide probable cause were all learned by the police before they encountered defendant on the street.

The affidavit told the state court judge that the affiant detective is a nine year veteran of the police force, that he met numerous times with his informant in the month before the warrant application, that the informant had given information leading to

numerous arrests and seizures of drugs and had never provided false or misleading information to the police and that the informant was very familiar with the way narcotics are packaged and sold. The informant was well known to the police and of proven credibility, including specifically narcotic cases.

The reliable informant told the detective some specific information:

1. that a black male known as Curt was dealing cocaine,
2. that Curt was storing his cocaine at the 3rd floor of 93 Hudson Street,
3. that Curt was using a black Chrysler to deliver the cocaine,
4. that the informant had been inside 93 Hudson Street 3rd floor within the past few days and
5. had seen Curt in possession of cocaine and a digital scale.
6. that Curt is about 25, 6 feet tall and 175 pounds, and
7. that 93 Hudson is a yellow multi family dwelling.

The detective then followed up with surveillance and saw a black male whom he had arrested before, defendant Stephvon Johnson, leaving 93 Hudson and entering a black Chrysler. The detective showed a picture of Johnson to the informant who identified Johnson as the man he knew as Curt.

The information was provided by reliable source; the

information was fresh not stale; the information was specific as to the location of the crime; the information was derived from personal observation; the information was corroborated as to the identity of the criminal and the nexus of the criminal and the place of the crime; the information was corroborated as to the criminal's make of automobile and its color.

On August 16, 2005 the informant told the detective that he had seen defendant in possession of a gun "with white grips" and the detective immediately set up watch and saw defendant and two other men leave 93 Hudson Street.

The foregoing information was all derived prior to the stop of defendant's car and provided ample probable cause to believe that narcotics were stored in the 3rd floor of 93 Hudson Street, that there was "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). A tip from a known informant of proven reliability may form the basis for probable cause, especially when the police independently corroborate innocent details of the tip. Draper v. U.S., 358 U.S. 307, 313 (1959).

**C. In Any Event the Evidence Should Not Be Suppressed Because The Police Relied on a Facially Valid Warrant**

In United States v. Leon, 468 U.S. 897, 920 (1984) the Supreme Court ruled evidence admissible if obtained by police in objective good faith reliance on a facially valid warrant even if that warrant was later found to be invalid because of

insufficient probable cause. The Court concluded that a "good faith" exception to the exclusionary rule was proper because suppressing evidence obtained pursuant to a warrant that police believed to be lawful would not advance the exclusionary rule's goal of deterring official misconduct. When reviewing suppression rulings, the appellate court may proceed directly to the good faith issue without first deciding the issue of probable cause. Id. 923-24. In this case the police did rely on a facially valid warrant.

Defendant makes a half-hearted request for a Franks hearing, admitting that the facts before the court "do not precisely fit the situation discussed in Franks", but again arguing that the warrant was based on evidence obtained illegally.

In Franks v. Delaware, 483 U.S. 154, 155-56, 171-172 (1978) the Court held that in limited circumstances, a defendant challenging the veracity of statements in a supporting affidavit is entitled to an evidentiary hearing to determine whether the warrant was issued in reliance on a deliberately or recklessly false affidavit. To gain such a hearing a defendant first must make a substantial preliminary showing that the affiant's statement was deliberately false or demonstrated a reckless disregard for the truth.

Here defendant is not challenging the veracity of the evidence concerning the allegedly illegal arrest, he is himself

relying in part on the very facts stated by the police in the affidavit and of which the court was aware.

Defendant also argues that because the police did not turn up cocaine in the apartment therefore the informant did not see cocaine in the apartment when he went there within the few days before the search. It should be noted that the many plastic bags with the corners cut off was clear evidence of drug dealing. As the Court is well aware, cocaine dealers fill measured amounts of their drugs in the corners of plastic sandwich bags, cut the corners off the bags and tie them off with a knot. The resulting little packages are then sold. In any event the fact that cocaine was not recovered does not mean the witness did not see it several days earlier. There has been no substantial showing that the affiant's statement was willfully or recklessly false.

**D. The Arrest Was Valid**

The same reliable evidence that gave Judge DeRobbio probable cause to believe that evidence of a crime would be found at 93 Hudson, also gave the detectives probable cause to arrest defendant on the street for the felony of possession of cocaine with intent to distribute. There is no requirement that the police witness a crime in order to make an arrest. In this case they had an eyewitness of proven reliability who had seen the defendant in possession of cocaine and a scale in his apartment within the past few days. That provided probable cause to arrest

defendant. All the facts set forth in the warrant affidavit were known to the officers before they took defendant into custody and provided ample legal justification for doing so.

## IV. CONCLUSION

For the foregoing reasons defendants motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

Zechariah Chafee

ZECHARIAH CHAFEE
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2006, I mailed a copy of the within Government's Memorandum in Support of It's Objection To Defendant's First And Second Motions To Suppress to:

Kevin Fitzgerald, Esq
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Paula Harsey

| | |
|---|---|
| State City/Town **PROVIDENCE**<br>**Ex Rel** | County **PROVIDENCE** |
| Vs 'Staphvon Johnson (02-03-78)<br><br>Respondent; 93 Hudson St. 3rd floor Providence RI. Multi-Family Dwelling, yellow color. | To: An Officer authorized by law to execute within warrant |

Complaint and affidavit having been made to me under oath, and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the Sixth District Court of Rhode Island.

**Place and person to be searched:**
93 Hudson St. 3rd floor Providence RI. a yellow multi family dwelling. Staphvon Johnson (d.o.b.02-03-78), alias John Doe.
**Property and articles to be searched for:**
Cocaine and articles relating to the sale, and or use of illegal narcotics and any monies derived from the sale of illegal narcotics.
**Name of keeper, thereof if known to complainant:**
Staphvon Johnson (d.o.b.02-03-78), alias John Doe.

Said warrant may be served in the daytime-nighttime within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A CLERK OF THE DISTRICT COURT.
Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not to MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A CLERK THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a clerk sitting in the above named court.

Issued at **Providence** in the county of Providence this 16th day of August A.D. 2005

Judge of the District Court 8/16/05

**ACKNOWLEDGMENT OF RETURN**

Warrant received on ______________ day of ______________ 2000, from ______________ at ______________.

______________
**Clerk**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**COMPLAINT TO SEARCH AND SEIZE PROPERTY/OR PERSON**

To Anthony E. DeRobbio Justice of the Supreme, Superior Court, or judge of the District Court of the State of Rhode Island.

a) [signature] Sergeant of Police, of Providence Police.

b) ______________________________ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses.

ON OATH COMPLAINS THAT:

(1) Certain property has been stolen or embezzled or obtained by false pretense, or pretenses, with intent to cheat or defraud within this sate or elsewhere;

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law; cocaine

(3) Certain property is designed or intended for use or is or has been used in violation of law, or as a means of committing a violation of law;

(4) and prays that a warrant to search for a seize said property/person be issued and if the same be subject to forfeiture. That the property be forfeited.

**The person/property and articles to be searched for and/or seized is;**
The person being a Black male, known as Staphvon Johnson (d.o.b.02-03-78), alias John Doe. The articles to be searched for are cocaine and any articles relating to the sale and or use of illegal narcotics and any monies derived from the illegal sale of narcotics
**The name of the keeper, thereof (if known ) is:**
Staphvon Johnson (d.o.b.02-03-78), alias John Doe
**The place and person to be searched is described as follows:**
93 Hudson St. 3rd floor, Providence RI. Described as a yellow multi family dwelling, Staphvon Johnson (02-03-78).

Your complainant prays that said warrant may be served in the daytime and or nighttime for the reason that, 24 hour warrant: informant information and surveillance conducted by your affiant concludes that the target of this investigation utilizes the cover of darkness to conceal his illegal narcotics activity.

Subscribed and sworn to before me: Date August 16, 2005.

[signature] 8/16/05
Judge/Justice

[signature]
Complainant

N.L

**AFFIDAVIT**

Your affiant upon oath states that he has reason to believe and does believe that grounds for a search warrant exist and states the following facts on which such belief is founded on the following affidavit.

I, Detective Nicholas Ludovici a member of the Providence Police Departments Narcotics and Organized Crime unit of the City of Providence, State of Rhode Island, and Providence Plantations on solemn oath depose and say:

I, Detective Nicholas Ludovici a member of the Providence Police Department for over nine years, have reason to believe and do believe that a subject known to me as "Staphvon Johnson" (d.o.b.02-03-78), alias John Doe utilizes 93 Hudson St. 3rd floor to store cocaine and articles relating to the sale and or use of illegal narcotics, and monies derived from the illegal sales of narcotics at said address.

Within the past month your affiant along with Detective Lawton, on numerous occasions met with a reliable and confidential informant, this informant has never provided any information that your affiant has found to be false or misleading. In the past this informant provided information that led to numerous arrests and seizures of narcotics. The informant stated that he/she knows a black male known as "Curt", alias John Doe who is operating a largescale cocaine trafficking operation. The C/I stated that the "Curt" subject utilizes 93 Hudson St. 3rd floor, to store cocaine. The C/I also told your affiant the "Curt" subject utilizes a black Chrysler to deliver his cocaine. The C/I described 93 Hudson St. as a yellow multi family dwelling. The C/I described "Curt" as a black male, approximately 25 years old 6 feet tall 175 lbs. Your affiant questioned the C/I on the packaging and distribution of cocaine and found he/she to be very knowledgeable. The C/I further stated that within the past few days he/she while inside 93 Hudson St. 3rd floor, he/she has observed "Curt" in Possession of cocaine and digital scale.

Your affiant performed sporadic suveillance of 93 Hudson St. and observed it to be a yellow muli family dwelling yellow in color. Your affiant, also observed a black male exit the front door of 93 Hudson St. and enter a black Chrysler R.I. Reg. 68175. Your affiant has arrested this black male in the past and identified him as Stephvon Johnson (d.o.b.02-03-78). Your affiant then showed the C/I a BCI photo #111924, of Staphvon Johnson (d.o.b.02-03-78). The C/I positively identified Staphvon Johnson as the subject he/she knows as "Curt".

On 08-16-05 the C/I told Detective Lawton and your affiant, while inside 91 Hudson St. 3rd floor he/she observed the Johnson subject in possession of a firearm with white grips. Your affiant along with other Detectives immediately set up surveillance of 93

[signature]

Hudson St. Your affiant observed Johnson's black Chrysler R.I. Reg. 68175 parked in front. A few minutes later your affiant observed Johnson and two other subjects exit the front door of 93 Hudson St. and enter said vehicle. Johnson began to drive and the Detectives detained Johnson, his front passenger John Courtemanche (05-11-88) and rear passenger Alberto Arriaza (01-25-85) on Messer St. Your affiant advised Johnson of his Constitutional Rights and asked him where he lived. Johnson stated " I live on Branch Ave". Your affiant advised Johnson of the on going investigation and Johnson then stated "I live at 93 Hudson but anything in there is not mine". Your affiant asked Johnson for consent to search 93 Hudson St. and Johnson stated "Get a Warrant and find out".

Based on the aforementioned facts your affiant respectfully requests a Search and Seizure warrant for 93 Hudson St. 3rd floor and Staphvon Johnson (d.o.b.02-03-78), alias John Doe.

August 16, 2005

Date

Affiant

Providence, SC. In Providence this 16th day of August, 2005, before me personally came Detective Nicholas Ludovici and made oath to the truth of the foregoing.

Judge of the District Court

Arthur E. DeRosario

8/16/05

State of Rhode Island and Providence Plantations

Providence , SC.

Place 93 Hudson St. Date 08-16-05

A.D. 2005 pursuant to the within warrant I have made search during the daytime - during the nighttime - as commanded and submit herewith a written inventory of the property taken:

Sears & Robbuck 12 gauge shotgun serial# P177239.
Fifteen 12 gauge shotgun shells.
Digital scale.
Bagging material.
Dozens of plastic bags with the corners cut off.
Paperwork.
Two face masks.
Photos.
Video camera.

I have also summoned Staphvon Johnson named in said Complaint, as commanded to appear before the Sixth Division of the District Court in Providence at 9:30 o'clock in the forenoon, on 08-16-05 A.D. 2005.

I have also given to the person from whom - from whose premises said property was taken a copy of the within warrant - I have left a copy of the within warrant at on the place from which said property was taken.

Authorized Officer