UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 05-0133ML |
| | ) | |
| STAPHVON JOHNSON | ) | |

MOTION TO DISCLOSE INFORMANT IDENTITY

Now comes Staphvon Johnson, the Defendant in the above captioned matter, and moves this Honorable Court to order the government to disclose the identity of the informant used by the Providence Police in this case. Mr. Johnson has moved to suppress evidence based on his illegal arrest at the hands of the police on August 16, 2005. The government, in response to Mr. Johnson's motions, claims that the probable cause for his arrest rests on the informant stating to police that he had seen Mr. Johnson in possession of cocaine and a gun in the days prior to the arrest. The informant is therefore a material witness regarding the cause for the arrest and must be made available to the defense for cross-examination. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Robinson*, 144 F.2d 104, 106-07 (1st Cir. 1998). *See also United States v. Perez*, 299 F.3d 1, 3-4 (1st Cir. 2002) (discussing disclosure in missing witness context at trial). Mr. Johnson also submits the attached memorandum in support of this motion.

Respectfully Submitted
Staphvon Johnson,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

**Certification**

I hereby certify that I caused this motion to be delivered to AUSA Zechariah Chafee, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 8th day of March, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 05-0133ML |
| | ) | |
| STAPHVON JOHNSON | ) | |

---

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISCLOSE INFORMANT IDENTITY

## I. Facts and Travel

The Providence Police arrested Mr. Johnson on August 16, 2005, and the government subsequently charged him with possession of a sawed off shotgun. Mr. Johnson moved to suppress the shotgun, and other evidence, because the police arrested him illegally without probable cause. The government responded that the police initially arrested Mr. Johnson for possession of cocaine with the intent to distribute. This allegation is wholly and solely based on the statements of the informant used by the Providence Police in this investigation. *See* Gov't Memo Objecting to Suppression, § D (stating police had information from "an eyewitness of proven reliability" to support probable cause for arrest). The government's informant is the only witness to this alleged crime.

## II. Argument

The Court must order the government to disclose their informant's identity and make him available for cross examination. The government must disclose the identity of informants when they are material witnesses to an alleged criminal act. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *United States v. Robinson*, 144 F.2d 104, 106-07 (1st Cir. 1998). *See also United States v. Perez*, 299 F.3d 1, 3-4 (1st Cir. 2002) (discussing disclosure in missing witness context at trial). The Court must balance the *tattler's* privilege against Mr. Johnson's Sixth Amendment rights to a fair trial and to confront his accusers. *Robinson*, 144 F.3d at 106. The prominent factor in that analysis

is the level of the informant's involvement in the alleged conduct; mere tipster or active participant. *Id.* Also important is whether the informant is in the sole position to "amplify or contradict the testimony of government witnesses." *Id.* (*citing Roviaro, et. al.*). Here, the government defends the initial arrest of Mr. Johnson arguing that the police possessed probable cause to suspect him of cocaine trafficking. The government informant is the sole source of this allegation. The Court cannot assess the validity of this probable cause without the production and disclosure of this informant, and Mr. Johnson cannot fairly defend himself against these allegations without this disclosure.

III. Conclusion

For all of these reasons the Court should grant this motion and order the government to disclose the identity of the informant herein and produce him for cross examination.

Respectfully Submitted
Staphvon Johnson,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender

**Certification**

I hereby certify that I caused this motion to be delivered to AUSA Zechariah Chafee, 50 Kennedy Plaza, 8th Floor, Providence 02903 on this the 8th day of March, 2006.