IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR.NO.05-133ML |
| | : | |
| STAPHVON JOHNSON | : | |

GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF THE IDENTITY OF THE INFORMANT

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, and hereby objects to the defendant's Motion to Compel Disclosure of the Identity of the Informant for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 13th day of March, 2006, I faxed a copy of the Government's Objection to Defendant's Motion to Compel Disclosure of the Identity of the Informant to:

Kevin Fitzgerald, Esq.
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Paula Harvey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR.NO. 05-133ML
:
STAPHVON JOHNSON :

GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF THE IDENTITY OF THE INFORMANT

## I. INTRODUCTION

Defendant has moved to compel the disclosure of the identity of the informant for purposes of the suppression hearing on grounds that, he argues, the government "must disclose the identity of informants when they are material witnesses to an alleged criminal act." That is not the law concerning suppression hearings and, in any, event defendant has not made any threshold showing. Furthermore there is no need to reach issue, as set forth in the governments first suppression memorandum and in III(A) of this memorandum. Defendant's motion should be denied.

## II. FACTS

During the months of July and August 2005 Detectives Ludovici and Lawton of the Providence Police investigated cocaine dealing by defendant Stephvon Johnson out of the third floor of 93 Hudson Street. The policemen were working with an informant who had given reliable facts leading to arrests and seizures of drugs before and had never misled the officers. The informant

had shown a ready knowledge of the packaging and sale of cocaine.

The detectives had seen Johnson coming and going from 93 Hudson Street a number of time times. Through a photograph from a prior arrest their informant identified defendant as the dealer known as "Curt". The informant had been inside the apartment within the few days before August 16 and had seen defendant with cocaine and a scale.

On August 16 the informant told the police that he had seen defendant with a gun and that defendant had been making cocaine deliveries in the Manton Avenue area.

At about 5pm a team of policemen set up watch on 93 Hudson Street, a three story house. At around 5:30 the police saw defendant and two other men leave the front door of 93 Hudson, get into defendant's black Chrysler, and drive out to Messier Street. There the officers stopped the car.

Suspecting the presence of a gun, the policemen identified themselves and had the three men get out of the Chrysler. Defendant was patted down, handcuffed, put in a police car and taken across the street to a school parking lot. Detective Ludovici gave defendant his Miranda Warnings, and asked where he lived. Defendant replied, "Branch Avenue." When told of the investigation, Johnson said," I live at 93 Hudson Street, but anything there is not mine." When asked for consent to search Johnson told the detectives to get a warrant. A set of keys were

seized from Johnson and he and the other two men were taken to the Central Station.

Detective Ludovici drafted a search warrant and supporting affidavit for a search of the third floor of 93 Hudson Street for cocaine and any articles related to illegal drug sales and any money derived from drug sales.

At about 7:30pm Judge Albert DeRobbio of the RI District Court signed the warrant and at about 7:40pm the police team entered the apartment using keys seized from defendant.

No one was in the place when the police went in and began a room to room search. A detective found a loaded 12 gauge sawed-off shotgun in a closet. That gun is the basis for the federal indictment. The searchers found no cocaine but dozens of plastic bags with the corners cut off, a digital scale, fifteen 12 gauge shotgun shells, two face masks, paperwork in defendant's name and photos of defendant, and a video camera.

The evidence was taken to the Central Station. Again Ludovici gave defendant his Miranda Warnings and told him about finding the sawed off shotgun. Defendant said that he had the gun for protection. ATF Agent Schiffer was present for that admission.

## III. ANALYSIS

### A. The search was based on a warrant that did not derive facts from the arrest that were critical to probable cause from the arrest.

Let the government be clear about it's position. The facts set forth in the affidavit supporting probable cause for the issuance of the warrant are sufficient without including any of the facts that flowed from the arrest of defendant. There is no "fruit" of the arrest necessary to a finding of probable cause. Those facts occurring after the arrest are a brief part of the affidavit and are duplicative or innocuous and unnecessary to probable cause to search 93 Hudson Street 3rd Floor. This Court has no need to assess the probable cause for an arrest which did not form any basis for the search warrant.

### B. There is no requirement for the disclosure of the identity of an informant who witnesses facts related to probable cause to arrest.

What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. Scher v. United States, 305 U.S. 251, 254; In re Quarles and Butler, 158 U.S. 532; Vogel v. Gruaz, 110 U.S. 311, 316. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their

knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. Roviaro v. U.S., 353 U.S. 53, 59 (1957).

The informant in this case is not a material witness to the crime charged, which is possession of a sawed-off shotgun. The cases relied on by defendant, Roviaro and Robinson, discuss disclosure during determination of the guilt or innocence of a defendant at trial and the standards relating to due process at that stage of criminal proceedings. We are dealing here with a suppression hearing, not a trial. We are dealing here with a suppression hearing, not a trial. The cases relevant to a suppression are McCray v. Illinois, 386 U.S. 300 (1967) and, more specifically for this circuit, U.S. v. Jackson, 918 F.2d 236 (1st Cir. 1990) (both attached). "The Supreme Court has never determined that due process requires disclosure of an informant's identity at a suppression hearing; rather the defendant's interest in disclosure at the suppression state is less than at trial," says U.S. v. Jackson at 240. McCray at 312 states "the court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search."

In this case defendant bases his argument on cases which have to do with a witness alleged to be witnesses to the facts which form the basis for the indictment, and at the trial stage. The charge here is possession of a sawed-off shotgun. The informant is not a witness to that crime. The government does not contend so and nor does defendant. And we are not at the trial stage. Defendant can point to no cases requiring what he is demanding that this Court do.

Defendant has also missed a not-so-fine point. Probable cause for the officers to arrest defendant for possession of cocaine was based on what the officers believed to be true and what grounds for that belief they had. In this case that depends on what they were told by the informant and their independent basis for believing what the informant told them. The issue is what the informant told the officer, not what the informant actually witnessed. The officers believe that those two are the same, and it is their grounds for such a belief that is the issue defendant has raised. If it comes to it, the arresting officer can testify to what the informant told him and can be cross-examined on that point. The substantial public interest in protecting the identity of informants is not overcome by a bald demand for disclosure, such as defendant has made here. There must be a substantial basis for the Court to consider. Defendant has made no showing whatsoever that the informant did not tell

the arresting officer what the arresting officer has said under oath in his affidavit that informant did tell him.

In essence defendant wants a <u>Frank's</u> hearing without making the substantial showing required.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

Zechariah Chafee

ZECHARIAH CHAFEE
ASSISTANT U.S. ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2006, I faxed a copy of the within Government's Objection to Defendant's Motion to Compel Disclosure of the Identity of the Informant to:

Kevin Fitzgerald, Esq
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

Paula Harvey